IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMBER SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-03176 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| UBS FINANCIAL SERVICES INC., | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER**

This matter coming before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorney Fees, Litigation Costs, Settlement Administration Costs, and Service Award, the Court having reviewed and considered the Motions, including all supporting documents, and the Court having conducted a Final Approval Hearing on June 30, 2022,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement and accompanying Claim Form ("Notice") were distributed by the Settlement Administrator to Settlement Class Members by direct mail. The Settlement Administrator also established a publicly-available settlement website with the Notice, settlement documents, answers to frequently asked questions, and avenues for Settlement Class Members to seek more information. The Notice and the methods

of distribution satisfy due process and the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

3. No Settlement Class Members submitted objections, and only one requested exclusion from the Settlement.

4. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The class is defined as follows:

> All natural persons who were the subject of a consumer report obtained by UBS Financial Services Inc. pursuant to a Fair Credit Reporting Act disclosure form substantially similar to the form presented to Plaintiff within the time period of April 28, 2019 to September 17, 2020, but who did not sign agreements to arbitrate claims with UBS Financial Services, Inc.

5. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative's and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Fund of $105,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including Fair Credit Reporting Act claims, weighs in favor of approval of the

Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7. The Court awards $9,000 to the Settlement Administrator, American Legal Claims, for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

8. The Settlement Administrator shall issue payments to all Settlement Class Participants from the Net Fund as described in the Settlement Agreement.

9. The Court awards Settlement Class Counsel $35,000.00 in attorney fees and $871.29 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

10. The Court awards Settlement Class Representative, Amber Schwartz, $7,500 as a Service Award, which is payable from the Gross Fund as described in the Settlement Agreement.

11. Funds from checks not cashed by the deadline will be deposited with the Illinois State Treasurer unclaimed property fund.

12. This matter is dismissed without prejudice. The dismissal shall automatically convert to a dismissal with prejudice seven (7) days after Plaintiff files

a declaration with the Court from the Settlement Administrator confirming that Defendant has fully funded the Gross Fund.

13. The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Dated: July 15, 2022

                                      Entered:

                                      _____
                                      John Robert Blakey
                                      United States District Judge